IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

BENJAMIN BARRY KRAMER,

    Defendant.

No. 87-cr-40070 JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Benjamin Barry Kramer's *pro se* motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10 (Doc. 1058).

On October 4, 1988, a jury found Kramer guilty of one count of participating as a principal administrator, organizer, or leader in a continuing criminal enterprise ("CCE") and one count of conspiracy to distribute marihuana. The Court sentenced Kramer to serve life in prison for the CCE conviction and 40 years for the conspiracy conviction. The Court did not apply the sentencing guidelines when it imposed the sentence because Kramer committed his crimes before the sentencing guidelines became effective. *See* U.S.S.G. Pt. A.1 (1987) (sentencing guidelines take effect automatically on November 1, 1987). It imposed the statutory mandatory sentence of life in prison without the possibility of parole for the CCE conviction, *see* 21 U.S.C. § 848(b) (1987), and a 40-year concurrent sentence for the conspiracy conviction, *see* 21 U.S.C. § 841(b)(1)(A) & 846 (1987). The Court of Appeals affirmed the sentence, *see United States v. Kramer*, 955 F.2d 479 (7th Cir. 1992), and the United States Supreme Court denied his petition for a writ of *certiorari*, *see Kramer v. United States*, 506 U.S. 998 (1992). On March 6, 1998, the Court vacated the 40-year conspiracy sentence, *see Kramer v. United States*, No. 97-cv-4117-JLF

(S.D. Ill.), leaving the CCE life sentence in place.

The defendant now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence. Amendment 782 amended U.S.S.G. § 2D1.1(c) as of November 1, 2014, to lower some base offense levels associated with various relevant conduct drug amounts. The relevant parts of Amendment 782 are retroactive but did not become retroactively effective until November 1, 2015. *See* U.S.S.G. § 1B1.10(d) & (e)(1) (2014).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If an amendment does not lower the defendant's applicable guideline range, the Court must deny a sentence reduction on the merits. *United States v. Taylor*, 778 F.3d 667, 672 (7th Cir. 2015).

Kramer is not eligible for a reduction because he was not sentenced under the sentencing guidelines. First, § 3582(c)(2) authorizing reductions based on retroactive guideline amendments does not apply to Kramer. It was enacted as part of the Sentencing Reform Act of 1984, Pub. L. No. 98-473, Title II, Ch. II, § 212(a), 98 Stat. 1837, 1987, 1998-99, which only applies to offenses committed after November 1, 1987, *see* Sentencing Act of 1987, Pub. L. No. 100-182, § 2, 101

Stat. 1266; Sentencing Reform Act of 1984 § 235, 98 Stat. at 2031-32, *as amended by* Sentencing Reform Amendments Act of 1985, Pub. L. No. 99-217, § 4, 99 Stat. 1728; *Gozlon-Peretz v. United States,* 498 U.S. 395, 398, 400 n. 4 (1991); *United States v. Stewart,* 865 F.2d 115, 118 (7th Cir. 1988) ("[T]he Sentencing Reform Act of 1984 did not apply to defendants whose offenses were committed prior to November 1, 1987."). Thus, defendants like Kramer who committed their crimes before November 1, 1987, and were not sentenced under the sentencing guidelines are not eligible for sentence reductions under § 3582(c)(2). *United States v. Wilkins*, 426 F. App'x 443, 445-46 (6th Cir. 2011).

Additionally, even if § 3582(c)(2) could apply to Kramer, it is impossible for him to satisfy the first criterion for a reduction because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Kramer was not sentenced based on a sentencing guideline range at all but on a statutory mandatory minimum sentence in a pre-guideline world. That statutory mandatory minimum sentence has not been lowered. Since Kramer was not sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission, he would not be eligible for a reduction under § 3582(c)(2), even if that statute applied to him.

Because Kramer is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2), the Court **DENIES** his *pro se* motion for a reduction (Doc. 1058).

**IT IS SO ORDERED.**
**DATED:   March 27, 2017**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**U.S. DISTRICT JUDGE**
