UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

BENJAMIN BARRY KRAMER,

    Defendant.

Case No. 87-cr-40070-JPG

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Benjamin Barry Kramer's motion to correct the record *nunc pro tunc* (Doc. 1064).

**I.    Form of the Motion**

Upon initial review of the pending motion, the Court noted that the motion itself does not bear a signature as required by Federal Rule of Civil Procedure 11(a) and that the signature on the certificate of service does not resemble Kramer's signatures on other filings he has made with the Court. The Court further noted that the return address on the envelope in which the motion arrived indicates the sender was not Kramer but James Strouse, # 15976-078, who is housed at the same prison as Kramer. The Court then allowed Kramer to file a signed, written notice confirming that he adopts as his own the unsigned motion filed with the Court. Kramer has filed the required written acknowledgement bearing a signature that matches at least one prior document filed with the Court, and he mailed it using his own name in the return address on the envelope in which the motion arrived. The Court therefore considers the motion as filed by Kramer.

In his notice, Kramer also asks the Court to send copies of all Court mailings to Strouse, who is helping him work on this matter. Kramer is apparently having difficulty communicating

with Strouse because Kramer is now in the restrictive special housing unit of the prison.

Because in federal court litigants may only represent themselves or be represented by an attorney, *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (citing 28 U.S.C. § 1654), Strouse may not represent Kramer before this Court. That means Strouse may not sign and file documents on Kramer's behalf, *id.*, and the Court will not mail documents directly to him regarding this case. Kramer, or an attorney who appears for him, is the only individual entitled to notices or orders from the Court. It is true that an inmate litigant may, with reasonable restrictions, have the assistance of a non-lawyer "jailhouse lawyer" in preparing court filings. *See Johnson v. Avery*, 393 U.S. 483, 490 & n. 11 (1969) (legal assistance in *habeas corpus* proceedings); *Wolff v. McDonnell*, 418 U.S. 539, 579-80 (1974) (legal assistance in civil rights actions). However, the inmate must still sign the filings himself. *See May v. Trancoso*, 412 F. App'x 899, 902 (7th Cir. 2011). Accordingly, the Court **WARNS** Kramer that future filings that do not bear his signature and which are not sent by him may be summarily stricken.

## II.    Substance of the Motion

In this motion Kramer seeks to vacate his conviction and sentence. The Court construes this motion as under 28 U.S.C. § 2255, which authorizes petitions from a federal prisoner seeking release "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

> Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover. . . . Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.

*Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (internal citation omitted). Kramer's pending motion clearly seeks relief within the scope of § 2255(a), so it is a § 2255 motion.

This is not Kramer's first § 2255 motion. He filed his first in 1997, *Kramer v. United States*, 97-cv-4117-JLF (S.D. Ill.), which resulted in the vacating of his 40-year drug conspiracy sentence in light of *Rutledge v. United States*, 517 U.S. 292, 300 (1996) (holding that conspiracy is a lesser included offense of continuing criminal enterprise ("CCE")), but leaving his life sentence for his CCE conviction in place.

He filed his second § 2255 motion in 1999, *Kramer v. United States*, 99-cv-684-JLF (S.D. Ill.), which was dismissed for lack of jurisdiction because Kramer had not obtained the required permission under 28 U.S.C. § 2255(h) from the Seventh Circuit Court of Appeals to file a second or successive § 2255 motion. *See Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).

In 2002, Kramer filed a petition under 28 U.S.C. § 2241, *Kramer v. Olson*, 02-cv-317-JDT-WTL (S.D. Ind.), which was construed as a § 2255 motion and also dismissed for lack of jurisdiction for failing to obtain permission to file.

Kramer tried again in 2014 filing yet another § 2255 motion, *Kramer v. United States*, 14-cv-678 (S.D. Ill.), which was again dismissed for lack of permission from the Court of Appeals.

The pending § 2255 motion fares no better than the last three. It is again an unauthorized successive petition. Any post-judgment motion that advances a new claim, that is, a new ground for relief from a conviction, or an attack on the Court's prior resolution of a ground for relief on the merits is a successive petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (*habeas* context); *see United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005) (considering post-judgment Rule 6(e) motion). This is exactly what Kramer does in his motion. Thus, it is a successive

motion for which Kramer must obtain permission from the Court of Appeals before filing. 28 U.S.C. § 2255(h); *Curry*, 507 F.3d at 604; *Nunez*, 96 F.3d at 991. He has not done so, so this Court lacks jurisdiction to entertain his motion.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings and Rule 22(b)(1) of the Federal Rules of Appellate Procedure, the Court considers whether to issue a certificate of appealability of this final order adverse to the petitioner. A certificate is required even for cases in which the court dismisses an unauthorized second or successive collateral attack for lack of jurisdiction. *Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir. 2005) (*per curiam*). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001). To make such a showing where the Court denies relief on procedural grounds, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added); *accord Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012). The Court declines to issue a certificate of appealability because jurists of reason would not find debatable the conclusion that Kramer's petition is an unauthorized successive § 2255 motion.

For these reasons, the Court **DISMISSES for lack of jurisdiction** Kramer's motion to correct the record *nunc pro tunc* (Doc. 1064) and **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**
**DATED: July 10, 2018**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**