UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 87-cr-40070-JPG |
| BENJAMIN BARRY KRAMER, | |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the defendant's motion for a reduction of his criminal sentence. He cites two reasons the Court should reduce his sentence: (1) the retroactive application of the Fair Sentencing Act of 2010, Pub. L. 111-220; §§ 2-3, 124 Stat. 2372, 2372 (2010), as set forth in the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018), and (2) recent changed societal views about marihuana (Docs. 1069, 1070 & 1072).

## I.  Motion Pursuant to First Step Act

The Court construes this portion of Kramer's motion as pursuant to 18 U.S.C. § 3582(c)(1)(B).

On October 4, 1988, a jury found Kramer guilty of one count of participating as a principal administrator, organizer, or leader in a continuing criminal enterprise ("CCE") to import, distribute, and possess with intent to distribute marihuana and one count of conspiracy to distribute marihuana. District Judge James L. Foreman sentenced Kramer to serve life in prison for the CCE conviction and 40 years for the conspiracy conviction. The Court did not apply the sentencing guidelines when it imposed the sentence because Kramer committed his crimes before the sentencing guidelines became effective. *See* U.S.S.G. Pt. A.1 (1987) (sentencing guidelines take effect automatically on November 1, 1987). It imposed the statutory mandatory

sentence of life in prison without the possibility of parole for the CCE conviction, *see* 21 U.S.C. § 848(b) (1987), and a 40-year concurrent sentence, the statutory maximum, for the conspiracy conviction, *see* 21 U.S.C. § 841(b)(1)(A) & 846 (1987). The Court of Appeals affirmed the sentence, *see United States v. Kramer*, 955 F.2d 479 (7th Cir. 1992), and the United States Supreme Court denied his petition for a writ of *certiorari*, *see Kramer v. United States*, 506 U.S. 998 (1992). On March 6, 1998, the Court vacated the 40-year conspiracy sentence, *see Kramer v. United States*, No. 97-cv-4117-JLF (S.D. Ill.), leaving the CCE life sentence in place.

The defendant now asks the Court to reduce his sentence in light of § 404 of the First Step Act.[1] Section 404 allows the Court to reduce a defendant's sentence for a crack cocaine offense, but only if the Court had imposed that sentence before another statute—the Fair

---

[1] Section 404 of the First Step Act provides in full:

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.
>
> (c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

Sentencing Act—modified the statutory sentencing range for that crack cocaine offense. First Step Act, § 404(b). In essence, the First Step Act retroactively applies the Fair Sentencing Act's lower statutory sentencing ranges and allows the Court to bring past sentences into line with the lower ranges. The authority to reduce a sentence applies only to (1) federal offenses (2) committed before August 3, 2010, the effective date of the Fair Sentencing Act, (3) for which the Fair Sentencing Act changed the statutory penalty range, *i.e.*, certain crack cocaine offenses. *See* First Step Act, § 404(a). Whether to reduce a sentence is at the discretion of the Court and is not required by the First Step Act. First Step Act, § 404(c). In sum, the Court now may, but is not required to, reduce a defendant's sentence if application of a statutory range changed by the Fair Sentencing Act would have resulted in a sentence lower than the defendant's original sentence.

The defendant's conviction is not the type of conviction covered by § 404 of the First Step Act. While he committed the federal offense before August 3, 2010, the Fair Sentencing Act did not modify the applicable statutory sentencing range for the defendant's crime. On the contrary, it only changed the statutory penalty range for certain crack cocaine offenses, Fair Sentencing Act, § 2(a) (codified at 21 U.S.C. § 841(b)(1)(A)(iii) & (b)(1)(B)(iii)), and the defendant was not convicted of any crack cocaine offense. For this reason, the First Step Act does not authorize a reduction in the defendant's sentence.

Accordingly, the Court will deny the defendant's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(B) based on the First Step Act's retroactive application of the Fair Sentencing Act (Docs. 1069, 1070 & 1072).

**II.     Motion for Reduction Because of Changing Societal Views**

Kramer also asks the Court to reduce his sentence because his crime involved marihuana, and society's views on marihuana have substantially changed in recent years, with some jurisdictions legalizing the recreational use of marihuana. The Court construes this as a motion pursuant to 18 U.S.C. § 3582(c)(1)(A), which allows a court to modify a defendant's sentence for "extraordinary and compelling reasons" after considering the factors set forth in § 3553(a). The Court must also find that the reduction is consistent with the applicable United States Guidelines Manual's ("U.S.S.G.") policy statement, in this case, U.S.S.G. § 1B1.13. That policy statement further requires the Court to find the defendant is not a danger to the safety of others or to the community.

Kramer has not set forth "extraordinary and compelling reasons" that the Court finds would justify a sentence modification. To the extent the determination of what is "extraordinary and compelling" still relies on the policy statement in U.S.S.G. 1B1.13, Kramer has not established any of the acceptable reasons listed in Commentary Note 1—medical condition, age, family circumstances, or other reasons as determined by the Bureau of Prisons. To the extent the Court is not bound, but merely guided, by the policy statement, *see United States v. Cantu*, 1:05-CR-458-1, 2019 WL 2498923, *3-5 (S.D. Tex. June 17, 2019) (finding guideline policy statement outdated in light of the First Step Act), the Court finds Kramer's vague references to changing attitudes toward marihuana, especially where those changes are not reflected in federal legislation, do not amount to "extraordinary and compelling reasons" for a reduction.

For this reason, the Court will deny Kramer's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) based on "extraordinary and compelling reasons."

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Kramer's motion for a sentence reduction (Docs. 1069, 1070 & 1072). This ruling renders **MOOT** Kramer's motion for status (Doc. 1071).

**IT IS SO ORDERED.**
**DATED:    July 24, 2019**

            s/ J. Phil Gilbert
            **J. PHIL GILBERT**
            **DISTRICT JUDGE**