THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br> v.<br><br>BENJAMIN BARRY KRAMER,<br><br>   Defendant. | Crim. No. 4:87-cr-40070-JPG-002 |

### MEMORANDUM AND ORDER

  This matter comes before the Court on defendant Benjamin Barry Kramer's motion to strike his criminal forfeiture order and for return of property (Doc. 1109).  In that motion, Kramer seeks to invalidate the forfeiture of substitute property valued at approximately $1.9 million that the Court found—and the Court of Appeals affirmed—has been applied toward Kramer's $60 million *in personam* criminal judgment (Docs. 1100 & 1115).  *See United States v. Kramer*, 25 F.4th 509 (7th Cir. 2022).  Specifically, Kramer argues that his criminal judgment is no longer valid, so the $1.9 million applied to satisfy it must be turned over to him.  The Government has responded that the matter is moot in light of the Court of Appeals decision (Doc. 1117), and Kramer has replied to the Government's response (Doc. 1123).  In his reply, in "having cake and eating it too" fashion, Kramer argues that a big chunk of the forfeited substitute property was not his, so he wants it back.

  The relevant history of this case, in a nutshell, is that District Judge James L. Foreman entered an *in personam* criminal forfeiture order on October 13, 1988, and judgment at Kramer's disposition on December 5, 1988, in the amount of $60 million pursuant to 21 U.S.C. § 853.  The judgment was based on Kramer's participation in an enterprise to import massive amounts of marihuana into the United States in violation of the Controlled Substances Act ("CSA"), 21 U.S.C. § 801 *et seq*.  In September 2003, Judge Foreman entered a consent order that substitute property valued at approximately $1.9 million be forfeited by one set of Kramer's nominees and be applied

toward his criminal monetary judgment (Docs. 873 & 874).  After no third-party claim was filed against that property, Judge Foreman found in November 2003 that the United States had clear title to it (Doc. 880).

In his pending motion, Kramer argues that, pursuant to 18 U.S.C. § 3613(b), his *in personam* criminal forfeiture judgment expired in 2008, 20 years after it was imposed in 1988.  He argues that the monetary judgment was null and void by the time the $1.9 million was applied to it, so he is entitled to return of those funds.  Kramer relies on 18 U.S.C. § 3613(b), which provides that "liability to pay a *fine* shall terminate the later of 20 years from the entry of judgment" (emphasis added), 20 years after the defendant's release from prison, or the defendant's death.  He argues that his forfeiture judgment should be treated like a fine because it is punishment and is therefore subject to the Excessive Fines Clause of the Constitution.  *See Austin v. United States*, 509 U.S. 602, 604 (1993); *United States v. Bajakajian*, 524 U.S. 321, 327-28 (1998); *see also Timbs v. Indiana*, 139 S. Ct. 682, 690 (2019).

One of Kramer's co-defendants, Albert Eugene Fischer, made a similar argument in response to the Government's motion to renew his monetary forfeiture judgment in 2008 (Doc. 961).  Fischer argued, like Kramer, that his *in personam* criminal forfeiture judgment expired, like a fine, pursuant to 18 U.S.C. § 3613, 20 years after entry of judgment (Doc. 963).  The Court rejected that argument but as a precautionary measure purported to renew the judgment under civil law (Doc. 965), and Fischer appealed.  The Court of Appeals for the Seventh Circuit held that 18 U.S.C. § 3613 did not apply a 20-year limitation to *in personam* criminal forfeitures.  *United States v. Fischer*, 394 F. App'x 322, 323 (7th Cir. 2010).  Specifically, it held:

> A judgment of criminal forfeiture is *in personam* and creates "a judgment lien against [a defendant] for the balance of his prison term and beyond." *United States v. Baker,* 227 F.3d 955, 970 (7th Cir. 2000).  This criminal forfeiture, which is a mandatory judgment for the amount of proceeds derived from the crime, *see United*

> *States v. Vampire Nation,* 451 F.3d 189, 201 (3d Cir. 2006), is distinct from a criminal fine, which is a discretionary penalty that may vary with the defendant's financial resources, *see United States v. Casey,* 444 F.3d 1071, 1076 (9th Cir. 2006) (citing 18 U.S.C. § 3572). Because the 20-year limit of 18 U.S.C. § 3613 applies only to criminal fines, Fischer's reliance on this statute is unavailing.

*Id.*

Kramer acknowledges *Fischer*'s holding dooms his argument, but he contends *Fischer* is not a binding decision and was wrongly decided by the Court of Appeals. He notes that the Court of Appeals did not consider *Austin* or *Bajakajian* in its analysis and could not have considered *Timbs* since it had not yet been decided.

In response, the Government argues that Kramer's motion is moot in light of the Court of Appeals' order affirming this Court's approval of the Government's accounting of amounts applied toward Kramer's forfeiture judgment. It further argues that the substitute property was collected in 2003 (although it may not have been administratively applied until more recently), so even if the judgment expired in 2008, the property was collected long before then. Finally, it argues that a criminal forfeiture judgment is not a fine and is therefore not subject to the 20-year expiration date under any version of 18 U.S.C. § 3613, and that *Fischer* rightly so held.

The Court declines to depart from the holding in *Fischer* even though the case is not binding precedent. It is well-reasoned and expresses the view this Court believes would likely be in a binding appellate decision.

Neither *Austin*, *Bajakajian*, nor *Timbs* causes the Court to think differently. All three cases examined the meaning and breadth of the Excessive Fines Clause of the Eighth Amendment. The cases all held that in the constitutional context, the Eighth Amendment's limits on the magnitude of a "fine" apply to punitive forfeitures. *Austin*, 509 U.S. at 622 (remanded to consider whether civil *in rem* forfeiture of home and business were excessive in relation to drug trafficking crime);

*Bajakajian*, 524 U.S. at 334, 337 (*in personam* criminal forfeiture of *all* legal funds defendant failed to declare when leaving the United States was constitutionally excessive); *Timbs*, 139 S. Ct at 687, 691 (Excessive Fines Clause applies to state civil *in rem* forfeiture proceedings; remanded to consider whether forfeiture of vehicle used to transport heroin but which was purchased with legitimate funds was excessive).  Kramer does not claim that the size of his criminal forfeiture judgment violated the Eighth Amendment.  Indeed, he does not even suggest that a $60 million *in personam* forfeiture judgment was constitutionally excessive in light of his role in the "vast enterprise which imported several hundred thousand pounds of marijuana into the United States," *United States v. Kramer*, 955 F.2d 479, 481 (7th Cir. 1992), and which generated "about $180 million in profits," *United States v. Kramer*, 25 F.4th 509, 511 (7th Cir. 2022), and earned him a life sentence.

*Austin*, *Bajakajian*, and *Timbs* simply shed no light on the relevant question in this case: Did Congress intend to include *in personam* forfeiture judgments when it used the word "fine" in the CSA, specifically in 18 U.S.C. § 3613?  In light of *Fischer*, Court is persuaded that it did not.

To the extent Kramer takes issue in his pending motion with any of the Court's prior orders in his civil case, *Kramer v. United States*, No. 15-cv-420-JPG, or in this case regarding the Government's accounting, the proper place for such challenges was on direct appeal, not a collateral attack in this forum.

For the foregoing reasons, the Court **DENIES** Kramer's motion to strike his criminal forfeiture order and for return of property (Doc. 1109).

**IT IS SO ORDERED.**
**DATED:  June 21, 2022**

                                                  s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**