IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | No. 87-cr-40070 JPG |
| BENJAMIN BARRY KRAMER, | |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Benjamin Barry Kramer's *pro se* motion for compassionate release pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239 (2018) (codified at 18 U.S.C. § 3582(c)(1)(A)), and its supplement (Docs. 1118 & 1122). The Government has responded (Doc. 1121), and Kramer has replied (Doc. 1126).

On October 4, 1988, a jury found Kramer guilty of one count of participating as a principal administrator, organizer, or leader in a continuing criminal enterprise ("CCE") and one count of conspiracy to distribute marihuana. The crimes occurred from in or about March 1980 to February 1987. On December 5, 1998, the Court sentenced Kramer to serve life in prison without the possibility of parole for the CCE conviction and 40 years for the conspiracy conviction. The Court of Appeals affirmed the sentence, *see United States v. Kramer*, 955 F.2d 479 (7th Cir. 1992), and the United States Supreme Court denied his petition for a writ of *certiorari*, *see Kramer v. United States*, 506 U.S. 998 (1992). On March 6, 1998, the Court vacated the 40-year conspiracy sentence, *see Kramer v. United States*, No. 97-cv-4117-JLF (S.D. Ill.), leaving the CCE life sentence in place.

Kramer now asks the Court for the benefit of a recent change to the law made by the First Step Act of 2018, which:

provides that "in any case" a district court may release a prisoner, on the prisoner's

own request (after exhausting administrative remedies) when "extraordinary and compelling reasons" justify release.  See 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Gunn*, 980 F.3d 1178 (7th Cir. 2020).

*United States v. Jackson*, 991 F.3d 851, 852 (7th Cir. 2021).   The release permitted under this provision is commonly called "compassionate release."   In support of his request for compassionate release, Kramer points to his age and poor health condition as well as the danger posed to him by COVID-19.

Unfortunately for Kramer, the compassionate release provisions of 18 U.S.C. § 3582(c)(1)(A)(i) do not apply to him.   That statute was enacted as part of the Sentencing Reform Act of 1984, Pub. L. No. 98-473, Title II, Ch. II, § 212(a), 98 Stat. 1837, which only applies to offenses committed after November 1, 1987, the date the Sentencing Reform Act of 1984 took effect, *see* Sentencing Act of 1987, Pub. L. No. 100-182, § 2, 101 Stat. 1266, 18 U.S.C. § 3551 note.   *Jackson*, 991 F.3d at 852.   "People whose crimes predate November 1, 1987, continue to be governed by the law in force at the time of their offenses, such as the old Chapter 311 of Title 18, which set up a system of parole."   *Id.* at 852-53.   Under that system, release could be granted by the Parole Commission, by the Court at the request of the Bureau of Prisons (but not at the request of an inmate) or by commutation by the President.   *Id.* at 853.   Defendants like Kramer who committed their crimes before November 1, 1987, are not eligible for compassionate release under § 3582(c)(1)(A)(i).

Because Kramer is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i), the Court **DENIES** his *pro se* motion for a reduction (Doc. 1118).

**IT IS SO ORDERED.**
**DATED:   June 23, 2022**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **U.S. DISTRICT JUDGE**