THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

BENJAMIN BARRY KRAMER,

    Defendant.

Crim. No. 4:87-cr-40070-JPG

## MEMORANDUM AND ORDER

    This matter comes before the Court for case management purposes.  Defendant Benjamin Barry Kramer recently filed a motion for an extension of time to appeal and for appointment of counsel on appeal (Doc. 1133).  It was not clear from the motion for which of two recent orders he sought an extension of time to appeal—a June 21, 2022, order denying his motion to strike his criminal forfeiture order and for return of property (Doc. 1127), or a June 23, 2022, order denying his motion for compassionate release pursuant to the First Step Act of 2018 (Doc. 1128).  On August 4, 2022, Kramer signed a notice of appeal and placed it into the mail; the Clerk's Office received and docketed the notice on August 12, 2022 (Doc. 1129).  However, the notice failed to specify which order he was appealing.  The Clerk's Office docketed the notice as an appeal of the denial of his motion for compassionate release, and that appeal is pending as Appeal No. 22-2432.  The Court asked Kramer to clarify which order he intended to appeal in his current appeal and for what he needs an extension of time.

    Kramer responded (Docs. 1136 & 1137) and clarifies that he intended to appeal only the Court's June 23, 2022, denial of his motion for compassionate release (Doc. 1128).  That is exactly how the Clerk's Office docketed the notice of appeal, so there is no need for any correction.

I.    Motion for Extension of Time and Appointment of Counsel (Doc. 1133)

He also indicates that he is seeking counsel for that appeal. This Court does not have the authority to appoint counsel on appeal; only the Court of Appeals can make such appointments once a notice of appeal has been docketed. Accordingly, the Court will transfer that part of Kramer's pending motion (Doc. 1133) to the Court of Appeals.

Kramer also seeks an extension of the appeal period to render timely the untimely notice of appeal in Appeal No. 22-2432. Federal Rule of Appellate Procedure 4 sets forth the timing rules relating to notices of appeal. Rule 4(b)(1) provides that, in a criminal case, generally a defendant must file any notice of appeal within fourteen days of the later of (1) entry of the judgment or order from which the appeal is taken or (2) the Government's notice of appeal. Fed. R. App. P. 4(b)(1)(A). The Court may extend the time to file a notice of appeal for excusable neglect or good cause. Fed. R. App. P. 4(b)(4). The Court may extend the deadline for no more than thirty days from the expiration of the fourteen-day appeal period. *Id.*

The Court denied Kramer's motion for compassionate release on June 23, 2022, and the Government did not appeal that judgment. Therefore, Kramer had fourteen days—until July 7, 2022—to file a notice of appeal. The Court is empowered to extend the deadline thirty more days to August 6, 2022. It appears Kramer placed his notice of appeal into the prison mail system on August 4, 2022. Under the mailbox rule of *Houston v. Lack*, 487 U.S. 266, 276 (1988), codified at Federal Rule of Appellate Procedure 4(c)(1), that is the day he is considered to have filed the notice. Therefore, if the Court grants an extension, Kramer's notice of appeal will be timely.

Kramer suggests that his failure to file a timely notice of appeal is because his former

counsel will not represent him in this matter, his institution was on lockdown due to COVID-19, he was taken to the hospital for a medical emergency, that it took ten days to receive the Court's order from which he is appealing, and that he did not know of the appeal deadline. While some of the obstacles Kramer describes occurred after he filed his notice of appeal, the Court finds that the mail delay in Kramer's receiving the Court's order, the prison lockdown, and Kramer's medical condition amount to good cause for the late filing. Accordingly, the Court will extend Kramer's deadline for filing a notice of appeal, and his August 4, 2022, notice will be deemed timely.

Alternatively, he asks for an extension of time to file a motion to alter or amend the Court's order denying him compassionate release pursuant to Federal Rule of Civil Procedure 59(e). Again, to the extent that civil Rule 59(e) might apply in this criminal proceeding, the Court does not have the authority to extend that deadline. *See* Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b).").

## II.     Motion for Leave to Proceed *In Forma Pauperis* (Doc. 1138)

A federal court may permit a party to proceed on appeal without full pre-payment of fees provided the party is indigent and the appeal is taken in good faith. 28 U.S.C. § 1915(a)(1) & (3); Fed. R. App. P. 24(a)(3)(A). A frivolous appeal cannot be made in good faith. *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). The test for determining if an appeal is in good faith or not frivolous is whether any of the legal points are reasonably arguable on their merits. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (citing *Anders v. California*, 386 U.S. 738 (1967)); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).

The Court cannot say whether Kramer is indigent because he has not provided a copy of his prison trust fund statement for the past six months. This is immaterial, however, because it is

clear he is not taking this appeal in good faith.  The Court denied Kramer compassionate release because he was sentenced before the Sentencing Reform Act of 1984, Pub. L. No. 98-473, Title II, Ch. II, § 212(a), 98 Stat. 1837, which only applies to offenses committed after November 1, 1987.  Kramer committed his crimes before then, so the compassionate release provisions in the Sentencing Reform Act do not apply to him.  This proposition is not reasonably arguable on the merits.  Accordingly, the Court will deny his motion for leave to proceed on appeal *in forma pauperis* (Doc. 1138).  Kramer may reapply for pauper status from the Court of Appeals within thirty days.  *See* Fed. R. App. P. 24(a)(5).

### III. Conclusion

For the foregoing reasons, the Court:

- **GRANTS in part** Kramer's motion (Doc. 1133) to the extent it asks the Court to extend the time to file a notice of appeal, and **EXTENDS** the time until August 4, 2022, when Kramer signed and mailed his notice of appeal;

- **DIRECTS** the Clerk of Court to transfer Kramer's motion (Doc. 1133) to the Court of Appeals for consideration in Appeal No. 22-2432 to the extent Kramer seeks appointment of counsel on appeal;

- **CERTIFIES** that Kramer's appeal is not taken in good faith; and

- **DENIES** Kramer's motion for leave to proceed on appeal *in forma pauperis* (Doc. 1138).

The Court further **DIRECTS** the Clerk of Court to send a copy of this order to the Court of Appeals for consideration in connection with Appeal No. 22-2432.

**IT IS SO ORDERED.**
**DATED:  October 6, 2022**

                                                  s/ J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **DISTRICT JUDGE**