IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | No. 87-cr-40070 JPG |
| BENJAMIN BARRY KRAMER, | |
| Defendant. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Benjamin Barry Kramer's *pro se* motion (Doc. 1141) asking the Court to reconsider its June 23, 2022, order (Doc. 1128) denying his motion for compassionate release pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239 (2018) (codified at 18 U.S.C. § 3582(c)(1)(A)). The Court denied the motion because the compassionate release provisions of 18 U.S.C. § 3582(c)(1)(A)(i) do not apply to him since he committed his offenses of conviction before November 1, 1987, the date the Sentencing Reform Act of 1984 took effect. *See United States v. Jackson*, 991 F.3d 851, 852-53 (7th Cir. 2021). Kramer appealed the Court's decision, which is now pending before the Court of Appeals for the Seventh Circuit as case number 22-2432.

As a preliminary matter, while not mentioned specifically in the Federal Rules of Criminal Procedures, motions for reconsiderations in criminal cases are allowed. *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010). Such a motion may be appropriate where the Court "has misapprehended the issues, where a significant change in the law has occurred, or where significant new facts have been discovered." *United States v. Hicks*, No. 18-CR-227, 2021 WL 1663556, at *2 (E.D. Wis. Apr. 28, 2021) (citing *United States v. Redmond*, No. 3:14-CR-30109-NJR, 2020 WL 7342712, at *1 (S.D. Ill. Dec. 14, 2020)). This rule allows district courts the opportunity to correct their own alleged errors before burdening a court of appeals with correcting them. *Rollins*, 607

F.3d at 502.

Having identified the nature of Kramer's filing, the Court turns to its jurisdiction to rule on the pending motion while Kramer's appeal of the same issue is pending. The Court retains jurisdiction to deny a motion for reconsideration while the case is on appeal, although it lacks jurisdiction to grant it without further action by the Court of Appeals. *See Craig v. Ontario Corp.*, 543 F.3d 872, 875 (7th Cir. 2008) (in civil Rule 60(b) context, describing procedure where the district court is inclined to act on or grant a motion to reconsider while case is on appeal); *Boyko v. Anderson*, 185 F.3d 672, 674-75 (7th Cir. 1999).

The Court now turns to the substance of Kramer's motion for reconsideration. Kramer asks the Court to reconsider the denial of compassionate release on the grounds that, although the compassionate release provisions do not apply to him, the Court should consider his request under Federal Rule of Criminal Procedure 35(a). His motion, however, does not point to any issues the Court misapprehended or changes in the law or the facts. His original motion repeatedly cited the First Step Act, not Rule 35(a), so the Court did not misapprehend the nature or the basis of his request when it found the First Step Act did not apply to him. If he would like to seek a reduction under Rule 35(a), he can file a new motion explaining why such a reduction is warranted citing appropriate supporting authority. Nor has Kramer pointed to any significant change in the law or new factual discovery since the Court's original denial. He has simply failed to point to any error of the Court's that should be corrected before burdening the Court of Appeals with his case.

Kramer also requests leave to depose a BOP lieutenant and a BOP correctional officer about his alleged rescue of the correctional officer from harm. That request is unrelated to any litigation before this Court.

For these reasons, the Court **DENIES** Kramer's motion (Doc. 1141) and **DIRECTS** the

Clerk of Court to send a copy of this order to the Court of Appeals for consideration in connection with Appeal No. 22-2432.

**IT IS SO ORDERED.**
**DATED:   November 23, 2022**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **U.S. DISTRICT JUDGE**