IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

        v.                                                          No. 87-cr-40070 JPG-2

BENJAMIN BARRY KRAMER,

    Defendant.

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Benjamin Barry Kramer's *pro se* motion for "correction or reduction" of his sentence pursuant to Federal Rule of Criminal Procedure 35 (Doc. 1148) and its supplement (Doc. 1149).   He points to some of the same reasons for early release that he cited in his motion for release for "extraordinary and compelling reasons" under the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239 (2018) (codified at 18 U.S.C. § 3582(c)(1)(A)).   The Court denied the earlier motion because the compassionate release provisions of 18 U.S.C. § 3582(c)(1)(A)(i) do not apply to Kramer since he committed his offenses before November 1, 1987, the date the Sentencing Reform Act of 1984 ("SRA") took effect (Doc. 1128).   *See United States v. Jackson*, 991 F.3d 851, 852-53 (7th Cir. 2021).

Kramer's current request is governed by the version of Rule 35 in place at the time he committed his crimes, which states:

Rule 35. Correction or Reduction of Sentence

(a) CORRECTION OF SENTENCE.   The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.

(b) REDUCTION OF SENTENCE.   The court may reduce a sentence within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation.   Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

Fed. R. Crim. P. 35 (1983).[1]

Rule 35(b) only allows the Court to reduce a sentence within 120 days after the imposition of the sentence, receipt of a Court of Appeals mandate or order of dismissal, or issuance of a Supreme Court order affirming or denying review.   Kramer was sentenced in 1988, and his direct appeals ran out in November 1992 when the United States Supreme Court denied his petition for a writ of *certiorari*.   *See Kramer v. United States*, 506 U.S. 998 (1992). Kramer filed his pending Rule 35 motion way, way beyond any time period in which relief was allowed under Rule 35(b).

To the extent Kramer seeks to challenge his conviction or sentence under Rule 35(a), his request amounts to an unauthorized successive 28 U.S.C. § 2255 motion.   *See United States v. Boyd*, 591 F.3d 953, 956 (7th Cir. 2010); *United States v. Knox*, 427 F. App'x 521, 522 (7th Cir. 2011); *United States v. Fischer*, 406 F. App'x 77, 78 (7th Cir. 2011).   After the appeals period has passed, any post-judgment motion that advances a new ground for relief from a conviction or an attack on the Court's prior resolution of a ground for relief on the merits is a § 2255 petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (*habeas* context); *see United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005).   "Any motion filed in the district court that imposed the

---

[1] During part of Kramer's period of criminal activity, an earlier version of Rule 35 was in place that omitted provisions with respect to revocation of probation.   *See* Fed. R. Crim. P. 35 (1981).

sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover. . . .   It is substance that controls."   *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (internal citation omitted).   In his motion "for correction" of his sentence, Kramer seeks to attack his sentence on the grounds of legal error that he claims shows he is actually innocent of his crime, so it is a § 2255 motion.

In order for this Court to consider a successive motion, the Seventh Circuit Court of Appeals must certify the successive motion pursuant to 28 U.S.C. § 2255(h).   *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).   Kramer has already filed a prior § 2255 motion, and the Court of Appeals has not certified a successive motion.   Consequently, the Court lacks jurisdiction to consider that part of Kramer's motion.

To the extent Kramer requests a reduction based on the factors listed in U.S.S.G. § 1B1.13(b)—including the defendant's medical circumstances, age, and family circumstances—Rule 35 makes no provision for relief based on those factors outside the plain language of the statute.

More generally, outside Rule 35, there are few paths to a sentence reduction for those who committed crimes before November 1, 1987, the effective date of the SRA.   As noted by the Court of Appeals, prisoners who committed their crimes before November 1, 1987, have three options for a reduction of their sentence:   parole by the Parole Commission, a motion by the Bureau of Prisons pursuant to 18 U.S.C. § 4205(g)[2] for the reduction of a minimum sentence,

---

[2] 18 U.S.C. § 1405(g) states, "At any time upon motion of the Bureau of Prisons, the court may reduce any minimum term to the time the defendant has served.   The court shall have jurisdiction to act upon the application at any time and no hearing shall be required."   This and other parole-related statutes, 18 U.S.C. §§ 4201-4218, have been repealed but still apply to pre-SRA offenders.

and Presidential commutation of the sentence.   *Jackson*, 991 F.3d at 852-53 (7th Cir. 2021).

None of these applies to Kramer.

For the foregoing reasons, the Court **DISMISSES** Kramer's motion to the extent he seeks relief under Rule 35(a) and **DENIES** the motion to the extent he seeks relief under Rule 35(b). Further, the presence of counsel would not have had a reasonable chance of making a difference in the outcome of this motion, which Kramer has competently litigated himself.   The Court therefore denies Kramer's motion for appointment of counsel (Doc. 1150).

**IT IS SO ORDERED.**
**DATED:   September 23, 2024**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**U.S. DISTRICT JUDGE**